JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:16-CV-02455-RGK (SPx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | *Crisanta Lansang v. DaVita Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Remand Action to State Court

    On October 31, 2016, Crisanta Lansang ("Plaintiff") filed suit against DaVita Inc. and Total Renal Care, Inc. ("Original Defendants"). In her complaint, Plaintiff alleged that Original Defendants misclassified her as an exempt employee during her employment. Original Defendants thus deprived her of hour and wage protections afforded nonexempt employees under California law. Plaintiff asserted state claims for failure to pay wages, failure to provide meal and rest periods, failure to pay wages upon discharge, failure to provide accurate itemized statements, failure to reimburse for business expenses, and violation of Business and Professions Code. On December 1, 2016, Present Defendants[1] removed the action to this Court alleging diversity of citizenship.

    According to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving by a preponderance of the evidence that the requirements for diversity jurisdiction have been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).

    Here, although Plaintiff alleged that codefendant Total Renal Care, Inc. is a California corporation, Defendants offered undisputed evidence that the correct codefendant should be Renal Treatment Centers – California Inc., a Delaware corporation with a principal place of business in Colorado. Thus, Defendants have adequately shown that the parties are citizens of different states.

    However, Defendants attempted to show that the amount in controversy exceeds $75,000, but do not succeed on the facts alleged. Defendants calculated the amount in controversy using potential damages from (1) lost wages; (2) attorneys' fees; (3) punitive and exemplary damages; and (4) cost of complying with injunctive relief.

---

[1] Present Defendants ("Defendants" hereinafter) submitted a declaration that Total Renal Care, Inc. never employed Plaintiff and hence is not a correct codefendant. Defendants asserted that the correct codefendant is Renal Treatment Centers – California, Inc., a Delaware corporation.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:16-CV-02455-RGK (SPx) | Date | December 13, 2016 |
|---|---|---|---|
| Title | *Crisanta Lansang v. DaVita Inc., et al.* | | |

As to lost wages, Defendants introduced evidence of Plaintiff's earnings from 2012 to 2015. Defendants then asserted that "[a]ccordingly, Plaintiff's lost wages and unpaid overtime for a period of four years would likely amount to damages over the $75,000 jurisdictional limit." (Notice of Removal at 5:25-27.) However, Defendants provided no evidence to support this assertion.

Defendants included in their calculation anticipated attorneys' fees. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

Defendants also included punitive and exemplary damages and cost of complying with injunctive relief. However, Defendants offered no evidence as to an amount of damages or cost. As such, the Court has no basis to evaluate these amounts for inclusion into amount in controversy.

Accordingly, the Court is not satisfied that Defendants have supported subject matter jurisdiction by a preponderance of the evidence. The Court hereby **remands** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer